AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH R. PERRY,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )   No. 05 C 3634
                                 )
SAMUEL BODMAN, Secretary,        )
U.S. Department of Energy,       )
                                 )
            Defendant.           )

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Deborah Perry is an employee of the United States Department of Energy ("DOE"). Plaintiff is a woman born in 1950. She alleges that defendant discriminated against her because of her sex and age by involuntarily transferring her. The claims are pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ("ADEA"). Defendant has moved for summary judgment. Defendant contends that the transfer that plaintiff complains about was a lateral transfer that does not constitute an adverse employment action as is required for a Title VII or ADEA claim. Alternatively, defendant contends that the evidence is

insufficient to support that plaintiff's transfer was motivated by sex or age discrimination.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the nonmovant and all factual disputes resolved in favor of the nonmovant. Eiencorp, Inc. v. Rocky Mountain Radar, Inc., 398 F.3d 962, 965 (7th Cir. 2005); Estate of Moreland v. Dieter, 395 F.3d 747, 758 (7th Cir.), cert. denied, 125 S. Ct. 2915 (2005); Hall v. Bennett, 379 F.3d 462, 464 (7th Cir. 2004); Hudson v. Chicago Transit Authority, 375 F.3d 552, 558 (7th Cir. 2004). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621-22 (7th Cir. 1999). The nonmovant, however, must make a showing sufficient to establish any essential element for which she will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Binz v. Brandt Construction Co., 301 F.3d 529, 532 (7th Cir. 2002); Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515

U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill. March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical

> doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" Logan, 96 F.3d at 978 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

Outlaw, 259 F.3d at 837.

As required by Local Rule 56.2, defendant advised pro se plaintiff as to how to respond to a summary judgment motion. As required by Local Rule 56.1(b)(3)(A), plaintiff provided a response to defendant's Local Rule 56.1(a)(3) statement of facts. Plaintiff did not provide a Local Rule 56.1(b)(3)(B) statement of additional facts. She did, however, recite additional facts (with citations to the record) in her answer brief. It is within the court's discretion as to how strictly to apply Local Rule 56.1. Especially with a pro se party, it is reasonable to apply the Rule less strictly. See Etheridge v. United States Army, 2005 WL 88970 *2 (N.D. Ill. Jan. 11, 2005); Etheridge v. United States Army, 2002 WL 31248473 *1 (N.D. Ill. Oct. 4, 2002); Alek v. University of Chicago Hospitals, 2002 WL 1332000 *2 (N.D. Ill. June 17, 2002), aff'd, 54 Fed. App'x 224 (7th Cir. 2002). The factual arguments contained in plaintiff's brief will be considered.

Resolving all genuine factual disputes and drawing all reasonable inferences in plaintiff's favor, the facts assumed to be true for purposes of defendant's motion for summary judgment

are as follows. Plaintiff began working for the Chicago Office of the DOE in 1992. She remained in the Human Resources Department ("HR") for ten years in the same job title, but was promoted from a grade 9 to a grade 13. Plaintiff was primarily responsible for developing, managing, monitoring, and analyzing personnel programs and policy related to employee and labor relations. She was also responsible for providing advisory services to management and staff regarding employee matters such as retirement, performance management, conduct, and employee discipline. Plaintiff was the only employee relations specialist in HR. It is undisputed that plaintiff was an excellent employee. No issue is raised regarding her ability to perform the duties of an employee relations specialist.

In 2001, Melba Acciari became the Director of HR, making Acciari plaintiff's supervisor. There was also a team leader in plaintiff's group who, though technically not a supervisor, essentially acted as plaintiff's immediate supervisor. The team leader is a grade 14. Rick Slagle was the team leader until he took early retirement sometime prior to May 2002. As of May 3, 2002, Acciari had authorization to appoint a new team leader. In 2001, James Buchar became the Assistant Manager of the Office of Management and Administration ("MA") in the DOE's Chicago Office. HR is a department of MA.

In mid-May 2002, plaintiff was transferred to a grade 13 Management Analyst position in the Performance Analysis and Evaluation unit ("PAE"). PAE is also within MA, but not part of

- 5 -

HR. PAE is part of Performance Management Services ("PMS"). Buchar has testified that he decided to transfer plaintiff because she and Acciari did not get along well and because plaintiff informally requested to be transferred away from Acciari. Plaintiff, however, denies that she made such a request and denies that she and Acciari had a difficult relationship.[1] For purposes of defendant's summary judgment motion, plaintiff's testimony must be taken as true.

Plaintiff's new position has the same grade, salary, and benefits as her prior position. At the time of the transfer, it had not yet been established as to what plaintiff's duties would be. Her new duties remained unclassified for the first four months. In her new position, plaintiff often has no work to do. She performs miscellaneous assignments as requested by management officials that she serves. One assignment that she performs is helping executives write their own performance standards. Plaintiff considers her job to be "make work."

There is no grade 14 position to which plaintiff could advance in PAE or PMS. She is still interested in the grade 14 Team Leader position in HR. As of 2002, this was the only open grade 14 position in HR and possibly all of MA. The Team Leader position was filled by an acting Team Leader even though Acciari

---

[1] In response to summary judgment, plaintiff expressly denies both of these facts, but does not provide an affidavit or declaration to that effect nor point to supporting testimony. The denials, though, are consistent with plaintiff's declaration that was prepared for the EEOC proceedings. See Def. Exh. 2 at 8-10.

had authority to hire a permanent replacement. Acciari did not announce for a permanent position because the person that was being groomed for possibly filling that position was not yet qualified to fill it. The acting Team Leader was also the Training Officer and did not have employee relations experience. If a permanent team leader position were to be announced, plaintiff could apply for it even though she is in PAE. Acciari, however, would prefer to hire someone from HR. Also, the longer plaintiff is out of HR, the more her HR skills would diminish. Also, in her Management Analyst position, plaintiff has less opportunity to perform duties that would be noteworthy accomplishments when applying for the team leader position. Plaintiff has presented evidence from which a reasonable trier of fact could find that, compared to remaining in her HR position, plaintiff now has a significantly decreased ability to obtain a promotion.

Plaintiff's former duties in HR were initially divided among two individuals. One individual was Dennis Wilson, a male in his thirties who was detailed to HR shortly before plaintiff was transferred out. Wilson changed from being detailed to being permanent when plaintiff was transferred out. Wilson's prior experience was in contract services, but he had a little labor relations experience in that he had been an EEO counselor. Wilson was being pushed by Buchar, who was mentoring Wilson. Buchar considered HR to be a career path for Wilson's rise in management. Even when plaintiff was still in HR, Wilson was

given developmental assignments, including representing the Chicago Office at a national, meeting despite his lack of experience and knowledge on the subject matter of the meeting. At the time plaintiff was being transferred, Buchar admitted to her that he was moving her out of the way so that Wilson could better develop his career path. In a conversation with plaintiff regarding Wilson's transfer, Buchar specifically mentioned Wilson's age and that he was young.

Prior to Wilson being detailed to HR, Buchar had a discussion with Marvin Gunn, the Manager of the Chicago Office, regarding staffing needs. Gunn was the one who suggested Wilson. Gunn also considered himself to be a mentor of Wilson, who was in the Executive Potential Program. Wilson had told Gunn that Wilson was interested in HR. In testifying about this conversation with Buchar, Gunn stated: "I knew that [Wilson] had an interest, he was one of our aspiring young leaders, and so I talked to Jim about possibly talking to him about moving over." Gunn Dep. at 35. When asked about how Wilson learned of a possible team leader position in HR, Gunn described Wilson as "upwardly mobile, he likes to advance, he's got a young family, he wants to grow in his career." Id. at 70. When asked whether Wilson had been considered to fill the HR team leader position, Gunn testified that Wilson lacked the experience of Slagle, but that he was nevertheless considered for team leader. "He was considered--what happened in that sense is that, I guess like most cases, we look at our young leaders to see who might be

someone to consider. Dennis was on that short list, if you will, of folks that would come to mind when you think about it." Id. at 80.

A necessary element of discrimination in violation of Title VII is that the employee suffered a materially adverse employment action. Herrnreiter v. Chicago Housing Authority, 315 F.3d 742, 743-44 (7th Cir. 2002), cert. denied, 540 U.S. 984 (2003); Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002).[2] Defendant contends that plaintiff's lateral transfer without diminishment of pay or benefits does not constitute such an action. However, evidence supports that the transfer resulted in a significantly diminished opportunity for advancement to a grade 14 position. That is sufficient to satisfy this element of plaintiff's claim. See O'Neal v. City of Chicago, 392 F.3d 909, 911 (7th Cir. 2004); Herrnreiter, 315 F.3d at 744; Traylor, 295 F.3d at 788.

Defendant also contends that plaintiff's claims cannot survive summary judgment because she cannot make out a prima facie case of discrimination. A prima facie case of discrimination may be made out by showing that (a) plaintiff is a member of a protected group; (b) she was meeting her employer's legitimate expectations; (c) she suffered a materially adverse

---

[2]Plaintiff cites cases from other Circuit Courts that she contends hold otherwise. Those cases need not be considered because the Seventh Circuit has spoken on this issue and this court is bound to follow the decisions of the Seventh Circuit unless overruled by the Seventh Circuit or the Supreme Court.

employment action; and (d) a similarly situated employee outside the protected group[3] was treated more favorably. Scaife v. Cook County, ___ F.3d ___, 2006 WL 1264959 *3 (7th Cir. May 10, 2006). It is undisputed that the first two elements are satisfied. As previously discussed, the third element is also satisfied.

In a failure to hire or failure to promote case, the fourth element of the prima facie case may be satisfied by showing that the employer instead hired or promoted a person outside the protected group who was similarly or less qualified than the plaintiff. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Jordan v. City of Gary, Ind., 396 F.3d 825, 833 (7th Cir. 2005). In a discharge case, it is sufficient to show that the plaintiff was replaced by someone outside the protected group. Robin v. Espo Engineering Corp., 200 F.3d 1081, 1090 (7th Cir. 2000). The fourth element can also be satisfied by evidence that it is more likely than not that the plaintiff suffered the adverse action because of being in the protected group. Robin, 200 F.3d at 1090; Thompson v. Proviso Township High Schools District 209, 2003 WL 21638808 *8 (N.D. Ill. July 10, 2003); Kirby v. Anthem, Inc., 2001 WL 1168166 *10 (S.D. Ind. Aug. 8, 2001).

Here, plaintiff was not demoted or discharged, nor did she apply for a promotion that was denied. This is also not a

---

[3] In the case of age discrimination, it is sufficient that the other employee is substantially younger than the plaintiff. See Jordan v. City of Gary, Ind., 396 F.3d 825, 835 (7th Cir. 2005).

situation where a person outside the protected group replaced the plaintiff by being placed in the exact same position that the plaintiff had previously held.  However, evidence supports that plaintiff was transferred out of her HR position so that a male employee who was substantially younger and less qualified could perform a substantial portion of plaintiff's former work and eventually work himself into a promotion (Team Leader) above plaintiff's former position--a promotion for which plaintiff might otherwise have been a prime contender or even the likely selection.  That is sufficient to satisfy the fourth element regarding both age and sex.  Moreover, there is admissible evidence that Buchar, the decisionmaker, expressly stated that he transferred plaintiff out of HR to make way for the younger male's potential promotion to Team Leader.  In discussing this decision with plaintiff, Buchar also specifically mentioned Wilson's age.  Additionally, Gunn, a superior of Buchar, was the one who recommended to Buchar that Wilson be placed in HR so as to position him for the promotion to Team Leader.  In testifying about Wilson's career potential, Gunn made repeated references to Wilson being young.[4]  Thus, there is also additional evidence that plaintiff's transfer was motivated by age discrimination.

Since plaintiff has established a prima facie case of age and sex discrimination, the burden shifts to defendant to provide

---

[4]Gunn's reference to Wilson being upwardly mobile and having a "young family" could also reasonably be construed as Gunn viewing a male with a young family as being more in need of a promotion than a woman.

a legitimate, nondiscriminatory reason for the adverse employment action. If defendant provides a legitimate reason, the burden shifts back to plaintiff to show that defendant's proffered reason is merely pretextual. Scaife, 2006 WL 1264959 at *3. Plaintiff can do this by showing age or sex was a motivating factor in defendant's decision or by presenting a material factual dispute as to the sincerity of the proffered reasons. Freeman v. Madison Metropolitan School District, 231 F.3d 374, 379 (7th Cir. 2000); Collier v. Budd Co., 66 F.3d 886, 892 (7th Cir. 1995) (quoting Colosi v. Electri-Flex Co., 965 F.2d 500, 502 (7th Cir. 1992)). As to the latter, it must be shown (a) that the proffered reason had no basis in fact, (b) that the proffered reason did not actually motivate the decision, or (c) that the reason was an insufficient reason to motivate the decision. Holmes v. Potter, 384 F.3d 356, 361 (7th Cir. 2004); Wells v. Unisource Worldwide, Inc., 289 F.3d 1001, 1006 (7th Cir. 2002); Freeman, 231 F.3d at 379; Collier, 66 F.3d at 892 (quoting Cliff v. Board of School Commissioners of City of Indianapolis, Ind., 42 F.3d 403, 412 (7th Cir. 1994)). "The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." Davis v. Con-Way Transportation Central Express, Inc., 368 F.3d 776, 784 (7th Cir. 2004) (quoting Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000)).

Here, defendant contends that the transfer was to separate plaintiff from Acciari and that plaintiff had requested

the transfer. As previously discussed, there is a genuine factual dispute as to whether plaintiff did not get along with Acciari as well as whether plaintiff had requested a transfer. Thus, the factual basis for this explanation is undermined. Moreover, this explanation is also undermined by Buchar's admission that he transferred plaintiff for the purpose of getting her out of the way of Wilson's promotional path.

Defendant also contends that the transfer was part of a legitimate reorganization. In light of the limited number of people transferred, it is questionable whether there was an actual reorganization. This explanation is also undermined by the fact that there was no reduction of HR employees, plaintiff's work still had to be performed, she was regarded as being highly capable of performing that work, and the work was instead being divided among two much less qualified employees. In any event, Buchar's admission that he was opening a promotional path for Wilson also undermines this explanation.

The evidence that Buchar and Gunn were taking Wilson's relative youth into consideration also supports that the stated reasons are pretextual. Defendant is not entitled to summary judgment.

At this time, the parties should attempt to settle this case. Plaintiff is still employed by defendant and is a well regarded employee. Her primary goals apparently are a return to HR and a fair opportunity for advancement. Monetary compensation for any past discrimination that may have occurred apparently is

not a principal goal. This would seem to be a case that could be settled. Therefore, this case will be referred to the assigned magistrate judge to hold a settlement conference. The parties should contact the assigned magistrate judge to set a date for that conference.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [20] is denied. This case will be referred to the assigned magistrate judge for the purpose of holding a settlement conference. A status hearing before Judge Hart is set for June 21, 2006 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MAY 23, 2006