IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH R. PERRY,            )
                             )
            Plaintiff,       )
                             )
       v.                    )      No. 05 C 3634
                             )
UNITED STATES DEPARTMENT     )
OF ENERGY,                   )
                             )
            Defendant.       )

## OPINION AND ORDER

Following a combined jury and bench trial, judgment was entered in favor of defendant Samuel Bodman as Secretary of the Department of Energy and against plaintiff Deborah Perry dismissing plaintiff's claims of discrimination with prejudice. Defendant has timely petitioned for costs totaling $3,156.61. Plaintiff objects to some of the costs being awarded. (Plaintiff also contended that the bill should be denied in its entirety because not supported by an affidavit as required by 28 U.S.C. § 1924. Defendant subsequently cured that error and, in her reply, plaintiff does not contend that the belated correction was

insufficient. See Horina v. City of Granite City, Ill., 2007 WL 489212 *1 (S.D. Ill. Feb. 9, 2007).)

Melba Acciari testified at trial for a few hours on one day. Defendant requests a daily witness fee, local transportation, travel, and meal expenses for eight days, which includes six days of trial preparation and the day after Acciari's testimony in case she was to be called for redirect. Such lengthy trial preparation should not have been necessary. Also, no additional fee is necessary for time in transit since, as discussed below, Acciari resides in the Chicago area. A total of three days of witness fees ($120) is all that will be allowed.

Plaintiff also contends that no travel expenses should be allowed because Acciari lives in suburban Chicago. In his affidavit, defendant's counsel states that Acciari lives in a town in southern Illinois.[1] At trial, however, Acciari testified that she resides in a suburb of Chicago. Section 1924 does not expressly require that the affidavit supporting a bill of costs be based on personal knowledge and it has been held that hearsay in such an affidavit may be considered. Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole, 2004 WL 557388 *4 (N.D. Ill. March 22, 2004). Nevertheless, this court may accord more weight to testimony under oath by the person who would have personal knowledge of her own living arrangements than

---

[1] On the government expense voucher submitted with the bill of costs, Acciari's address is listed as being in a different southern Illinois town than the one mentioned in counsel's affidavit.

to a hearsay statement of defendant's attorney. Also, defendant offers no explanation as to why Acciari's testimony would differ from his present assertion as to her residence. Furthermore, consistent with Acciari maintaining a home in the Chicago area is the fact that she included no lodging expenses in the reimbursement voucher she submitted to defendant. While Acciari may have been spending time in southern Illinois at the time of the trial, on the submissions before the court, it is found that Acciari was still residing in a nearby Chicago suburb and therefore no travel or meal expenses related to Acciari will be awarded as costs. See 28 U.S.C. § 1821(d)(1) (subsistence allowance only applies if witness must stay overnight because place of testifying is so far removed from witness's residence that the witness cannot return there each day); Oetiker v. Jurid Werke GmbH, 104 F.R.D. 389, 392-93 5 (D.D.C. 1982); Kaiser Indus. Corp. v. McLouth Steel Corp., 50 F.R.D. 5, 10-11 (E.D. Mich. 1970). The amount claimed for local transportation for September 25 and 26, 2007 ($28.50) will be awarded.[2] The total costs to be awarded related to Acciari will be $148.50.

---

[2]The costs submitted also include $5.00 for parking on September 19 and a 98-mile roundtrip by car on an unspecified date. While September 19 might be the date on which pretrial witness preparation was performed, defendant does not specify that was the reason for incurring the parking fee or doing the driving. Also, a 98-mile roundtrip is inconsistent with the suburb in which Acciari testified she resides. That suburb is approximately 19 miles each way from downtown Chicago.

As to another witness, Marvin Gunn, plaintiff objects that the amount requested for hotel expenses exceeds the allowable per diem. See 28 U.S.C. § 1821(d)(2) ("A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government.").[3] The per diem lodging rate for Chicago on the pertinent dates was $173 per night.[4] Defendant contends he may be awarded an amount above the per diem rate as long as the amount is reasonable. He contends that $359 per night (plus taxes) is reasonable because there were conventions in Chicago during that time making it impossible to find a lower-priced hotel.

---

[3] Section 1821(d)(3) contains a provision allowing, "in a high-cost area", "the maximum actual subsistence allowance" as provided in regulations issued pursuant to 5 U.S.C. § 5702(c)(B). As set forth in notes to § 1821, § 5702(c)(B) was amended out of existence in 1979, but a corresponding amendment was not made to § 1821. Thus, presently costs for lodging and meals are limited to the per diem rate as provided in § 1821(d)(2). Foca v. Sears Roebuck & Co., 1992 WL 365507 *3-4 (E.D. Pa. Nov. 30, 1992). Even if the maximum actual subsistence allowance for a high-cost area were to be considered, it was $50 per day for meals and lodging when last updated in 1979. See 26 C.F.R. § 301.7610-1(d)(4). The current per diem rate for Chicago is substantially higher.

[4] The per diem rate for lodging does not include taxes. Even if limited to lodging costs of $173 per night, the amount of taxes on that amount could also be awarded as costs. See 41 C.F.R. §§ 300-3.1 (definition of "per diem allowance"), 301-11.27; Bone Shirt v. Hazeltine, 2006 WL 1788307 *9 (D.S.C. June 22, 2006); Moncus v. Johanns, 2006 WL 1180950 *2 n.6 (M.D. Ala. May 2, 2006).

The case cited by defendant, <u>Majeske v. City of Chicago</u>, 218 F.3d 816, 824-26 (7th Cir. 2000), supports that lodging expenses, like other costs, must be reasonable. That case, however, does not address the question of whether reasonable expenses in excess of the <u>per diem</u> rate may be awarded as costs. Cases hold that the <u>per diem</u> rate is the maximum that may be awarded as costs. <u>See</u> <u>MEMC Elec. Materials v. Mitsubishi Materials</u>, 2004 WL 5361246 *9 (N.D. Cal. Oct. 22, 2004), <u>mag. j. recommendation adopted as modified on other grounds</u>, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004); <u>Andrews v. Suzuki Motor Co.</u>, 161 F.R.D. 383, 385 (S.D. Ind. 1995); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Prac. & Proc.: Civil 3d</u> § 2678 at 476 & n.44 (1998). Such a holding is superficially supported by the language of § 1821(d)(2) ("an amount not to exceed the maximum per diem allowance"). Read as a whole, however, § 1821(d)(2) incorporates the <u>subsistence</u> allowance regulations for federal employees promulgated by the Administrator of General Services. In addition to setting the specific <u>per diem</u> rates for each geographical area and time period, those regulations also contain exceptions permitting actual expenses up to three times the ordinary allowance to be reimbursed. <u>See</u> 41 C.F.R. §§ 301-11.300, 301-11.303.[5] <u>See also</u> 5 U.S.C. § 5702(a)(1)(B). A stated exception includes: "When

---

[5]The previously cited cases do not address the applicability of the exceptions to the maximum <u>per diem</u> contained in the regulations.

. . . (b) Costs have escalated because of special events (e.g.,
. . . conventions, . . .); lodging and meal expenses within
prescribed allowances cannot be obtained nearby; and costs to
commute to/from the nearby location consume most or all of the
savings achieved from occupying less expensive lodging."
41 C.F.R. § 301-11.300(b). Section 1821(d)(2) should be
understood as incorporating this exception. Thus, the full
amount paid for Gunn's lodging may be awarded as costs as long as
the § 301.11.300(b) exception was satisfied and the amount spent
was reasonable.

Plaintiff contends that defendant's submission does not
adequately support that it was necessary to pay a higher amount
for a hotel room than allowed by the applicable per diem rate.
Counsel states in his affidavit that conventions necessitated
paying more for a room. Also submitted is an email from a
"Victim Witness Specialist" in counsel's office stating that she
recently contacted the hotel at which Gunn stayed and confirmed
that the usual corporate (government) rate was not available on
the pertinent dates because two conventions were in town. As
previously discussed, hearsay submissions are permissible to
support a bill of costs. There being no contrary evidence, this
submission is deemed sufficient and it is found that the higher
rate was paid because of the lack of availability of less
expensive rooms due to conventions. The hotel expenses that were
incurred would have been reimbursable if incurred by a federal
employee. Therefore, the full amount may be awarded as witness

costs on a bill of costs. As to Gunn's expenses, costs of $1,318.78 will be awarded.

Plaintiff ordered a daily transcript for the trial and defendant ordered a copy. Defendant claims the $547.80 costs for his copy of the transcript. Defendant contends the transcript was used to prepare witness examinations and for preparing closing arguments. Defendant provides a few transcript pages showing his counsel quoted the transcript in closing arguments. Nevertheless, the trial time of this case was less than three full days. Compare Majeske, 218 F.3d at 825 n.3 (affirming award of costs of daily trial transcript used during trial, noting that several courts had taxed such costs "in cases like this one [where] the trial was lengthy and complex"). In this case, counsel for both sides could have relied on their notetaking and memories. A paraphrase of trial testimony would have been sufficient for closing arguments. The daily transcript was purely for the convenience of counsel. See id. at 825 (quoting Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993)). Also, no post-trial motions for judgment as a matter of law were filed so not even a non-expedited transcript was necessary.[6] No costs will be awarded for the trial transcript.

---

[6]Defendant providing a few pages of closing argument transcript in support of his bill of costs does not justify awarding the transcript costs. Even that citation would have been unnecessary if the transcript had not been ordered on an expedited basis and then quoted in the closing argument.

Plaintiff also objects to transcript costs of a hearing on a discovery motion. That transcript was ordered for possible use to support a motion *in limine* that defendant decided not to pursue. That is an insufficient justification.

The costs that will be awarded are as follows:

| | |
|---|---|
| Perry Deposition | $ 278.00 |
| Gunn Expenses | 1,318.78 |
| Acciari Expenses | 148.50 |
| Total | $1,745.28 |

IT IS THEREFORE ORDERED that plaintiff's motion to review the bill of costs [98] is granted in part and denied in part. Defendant's bill of costs [97] is granted in part and denied in part. The Clerk of the Court is directed to tax costs in favor of defendant and against plaintiff in the amount of $1,745.28.

ENTER:

/s/ Hart

UNITED STATES DISTRICT JUDGE

DATED: JANUARY 14, 2008